**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER SINGH and BALJIT KAUR, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70933 <br><br> Agency Nos.     A089-127-479 <br>                A089-127-480 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and BURNS, District Judge.[**]

Petitioners Jaswinder Singh and Baljit Kaur petition for review of the Board

of Immigration Appeals' ("BIA") denial of Singh's application for asylum and

withholding of removal under sections 208 and 241 (b)(3) of the Immigration and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Nationality Act, 8 U.S.C. §§ 1158 and 1231 (b)(3).[1] We review the BIA's factual findings, including adverse credibility determinations, for substantial evidence. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We review questions of law de novo. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009).

The Immigration Judge ("IJ") denied Singh's applications on the grounds that Singh: (1) was not credible, and (2) failed to produce documentary evidence showing that he was a member of the Shiromini Akali Dal Amritsar political party. We conclude that the adverse credibility finding was not supported by substantial evidence and, therefore, grant the petition.

The IJ offered a number of reasons for finding Singh not credible. The BIA, however, affirmed the IJ's credibility finding on the basis of only three of the IJ's reasons. Specifically, the BIA found that Singh was not credible because: (1) Singh's testimony regarding his and his uncle's, Teja Singh ("Teja"), arrest was internally inconsistent and inconsistent with his asylum application; (2) Singh testified that he and Teja were released on February *5*, 2001 and that Teja died on this date, but Singh also testified that he was not released for eleven days after he was arrested on January 26, 2001, which Singh admitted would place his release

_____

[1] Singh does not challenge the BIA's denial of his application for protection under the Convention Against Torture.

date on February 6, 2001; and (3) Singh failed to provide a credible explanation for his inability to obtain medical records documenting his treatment. In determining whether the IJ's adverse credibility finding was supported by substantial evidence, we focus on the three reasons relied upon by the BIA. *See Tekle*, 533 F.3d at 1051.

We conclude that the BIA's affirmance of the IJ's adverse credibility finding is not supported by substantial evidence because the IJ failed to afford Singh notice of, and an opportunity to explain, the discrepancies in his testimony. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009). Moreover, the alleged inconsistency regarding the February date was minor and not, when considered in the totality of the circumstances, sufficient to support an adverse credibility finding. *Ren v. Holder*, 648 F.3d 1079, 1085–86 (9th Cir. 2011); *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010); *Quan v. Gonzales*, 428 F.3d 883, 887 (9th Cir. 2005). We, therefore, grant the petition and remand this case to the BIA. On remand, the agency is free to reevaluate whether Singh is credible. *See Soto-Olarte*, 555 F.3d at 1094–96.

**PETITION GRANTED.**